**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------X                         **Chapter 13**

**IN RE:**                                                                                         **Case No. 10-42719**


**Tillie Evans-Ingram**

         **Debtor**                                          **Amended 100% Chapter 13 Plan**

-----------------------------------------------X


1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee , and the debtor(s) shall pay to the trustee for a total of 60 months, the sum of:

    Total of  $597.67 commencing April 1 , 2010 through and including the period of March 1, 2015.

    From the payments so received, the trustee shall make disbursements as follows:

    (a) Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507.
    (b) Holders of allowed secured claims shall retain the liens securing such claims (unless challenged) and shall be paid as follows.

ALL POST-PETITION PAYMENTS, INCLUDING BUT NOT LIMITED TO, MORTGAGE PAYMENTS, VEHICLE PAYMENTS, REAL ESTATE TAXES and INCOME TAXES, TO BE MADE OUTSIDE THE PLAN BY THE DEBTOR(S).

Indentured Trustee HSBC Bank USA N.A. ( serviced/ownership etc. claimed by Ocwen Servicing Company) to be paid pre-petition arrears in the sum of $21,278.66 over the life of the plan.

Subsequent and/or concurrently with distribution to secured creditors , dividends to **unsecured creditors** whose claims are duly allowed as follows: **FULL DISTRIBUTION TO ALL TIMELY FILED PROOF OF CLAIMS.**

2. All lease agreements are hereby assumed, unless specifically rejected as follows: **None**.

3. Title to the debtor(s) property shall revest in the debtor(s) upon completion of the plan or dismissal of the case, <u>unless otherwise provided in the order confirming this plan.</u> Throughout the term of this plan, the debtor(s) will not incur post-petition debt over $1500.00 without written consent of the Chapter 13 trustee or the Court.

4. This plan is without prejudice to the rights of the debtor to challenge the validity of the lien of the HSBC indenture trustee on the residential property and other claims that the debtor might have against the said creditor or any other creditors claiming secured interest in the debtor's primary residence.

        s/*Tillie Evans-Ingram*
        _____
        Tillie Evans-Ingram, Debtor

Dated: September 29, 2010

PTO—APPENDIX A

## APPENDIX A

A. Total Pre-Petition claimed secured claims arrearage: $21,278.66 ( inclusivePrincipal $2499.81+ Interest $12,461.24). Escrow Advance payment included, though advance demanded ($5231.02), necessity and breakup yet to be provided to the debtor.

B. Unsecured Claims: $10,759.86 (proof of claim 1-1 New York City Board for $940.85, proof of claim 2-1 National Capital Management, LLC for $1153.41, proof of claim 4-1 Capital One Bank for $6521.85, proof of claim 5-1 Consolidated Edison Company of New York, Inc.)

C. Total disbursement: $32,038.52 (excluding 9% interest to be paid on Principal)

D. Trustee compensation: $3208.00

E. Secured Claim Treatment: Principal of $2516.37 to be paid with 9% APR over the period of 60 months ($51.89 each month).

F. Interest $12,461.24 to be paid over the period of 60 months ($207.69)

G. Balance of arrears $6317.61 to be paid over the period of 60 months ($105.29)

H. Unsecured claims to be paid $10,759.86 to be paid over the period of 60 months ($179.33)

I. Trustee compensation of $3208.00 to be paid over the period of 60 months ($53.47)

J. Total payments to be made each month $597.67